# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

| | |
|---|---|
| **Debtor:** | ARCTIC CATERING, INC |
| **Case Number:** | 2:18-BK-13118-EPB   **Chapter:** 11 |
| **Date / Time / Room:** | MONDAY, OCTOBER 29, 2018 02:30 PM   6TH FLOOR #601 |
| **Bankruptcy Judge:** | PAUL SALA |
| **Courtroom Clerk:** | ANNETTE FRANCHELLO |
| **Reporter / ECR:** | LETICIA OROSCO |

## Matters:

1) Emergency Motion For Order Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Credit Card
   **R / M #:** 6 / 0

2) Emergency Motion for Order Authorizing Payment of Pre-Petition Wages, Salaries, Employee Benefits, and Related Items
   **R / M #:** 7 / 0

3) Emergency Motion For Order Authorizing Debtor To Incur Non-Ordinary Course Unsecured Debt Pursuant To 11 U.S.C. § 364(b)
   **R / M #:** 8 / 0

4) Emergency Motion for Interim and Final Orders Authorizing Use of Cash Collateral Granting Replacement Liens and Setting Further Hearing on Use of Cash Collateral
   **R / M #:** 10 / 0

## Appearances:

ANDREW A. HARNISCH, ATTORNEY FOR ARCTIC CATERING, INC
GRANT L. CARTWRIGHT, ATTORNEY FOR ARCTIC CATERING, INC
CAROLYN JOHNSEN, ATTORNEY FOR LIQUID CAPITAL EXCHANGE, INC.
TAMMY KEMP, ATTORNEY FOR LIQUID CAPITAL EXCHANGE, INC. (APPEARING BY PHONE)
TERESA SCHOBER, ATTORNEY FOR LIQUID CAPITAL EXCHANGE, INC. (APPEARING BY PHONE)
LARRY WATSON, ATTORNEY FOR UNITED STATES TRUSTEE
MICHAEL KING, ATTORNEY FOR FOOD SERVICES OF AMERICA

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)... 2:18-BK-13118-EPB          MONDAY, OCTOBER 29, 2018 02:30 PM

## *Proceedings:*

The Court reminds Mr. Cartwright that there is a limited number of things that can be done today. The Court understands that discussions with Liquid Capital Exchange have taken place.

Mr. Cartwright concurs noting that discussions are ongoing.

Mr. Harnisch explains that the Debtor needs $370,000.00 per week to operate and keep the business alive. He does not believe Liquid Capital Exchange ("LCX") is entitled to collect $1.6 million based on the lending that they have done. He does not see a harm to LCX regarding Debtor's short term use of the receivables given that they are covered by an equity cushion. He explains that there are cash sales but not enough to get the Debtor by. He notes that some customers pay his client while others pay LCX. He stats that LCX has sent out a mailing to some of Debtor's customers instructing them to make payments into their lock box. He states some customers are still paying the Debtor. He further answers the Court's questions noting that some receivables have not been advanced.

Ms. Johnsen states that there are two issues, the factoring lien issue and adequate protection. She does not believe there is enough briefing done to address the lien issue today. She however, makes a demand for adequate protection. She notes that Debtor has offered her client replacement liens, but her client has not evaluated their position yet. She informs the Court that the parties want to work together. She notes that a client representative will be flying in Wednesday to meet with the Debtor. She asks that the Court keep the status quo. She believes that the employers will need to be paid. She has not gone through the budget with Debtor but objects to payments to insiders, professionals or anything extraordinary. She asks that the Court set this matter over for two weeks. In the interim, she would like to restrict the budget, maintain the way cash flow is being monitored and provide for her client to receive a replacement lien on anything spent. She does not know how the factoring issue will be resolved so she reserves her rights to brief the issue further.

Mr. Watson, as to cash collateral, has no objection to replacement liens. He agrees with a final hearing being set in two weeks. He would like to call Mr. Gonzales to the stand for questioning. He notes that Debtor has a secured credit card and wants to continue using it post-petition. He has no objection to its use but notes that it needs to be properly noticed to the bank. In the interim, it can be included in the cash collateral order. He has no objection to payment of wage claimants up to the priority amount with some exceptions. He notes that Mr. Gonzales has a 10% interest in the Debtor. Mr. Gonzales has agreed to provide him with the W2s and other requested information.

Mr. King states that his client is the largest supplier of the Debtor. He understands Debtor has proposed to pay on a deposit in advance basis for product delivered. He states that if his client does get paid for the product, he wants to be sure his client gets to keep the funds.

Mr. Harnisch believes Debtor has made a showing based on the cash collateral motion and declaration that LCX is comfortably over secured. He requests full use of LCX's cash collateral in short term and is willing to come back before the Court in two weeks.

COURT: THE COURT WILL ALLOW FOR A SHORT BREAK TO PROVIDE THE PARTIES TIME TO REACH

Case 2:18-bk-13118-EPB   Doc 22   Filed 10/29/18   Entered 10/31/18 08:20:05   Desc
Main Document    Page 2 of 4

# Minute Entry

(continue)... 2:18-BK-13118-EPB          MONDAY, OCTOBER 29, 2018 02:30 PM

AN AGREEMENT ON AN INTERIM BASIS THAT WILL LAST APPROXIMATELY TWO WEEKS. THE COURT, AMONG OTHER THINGS, WOULD LIKE TO KNOW HOW TODAY'S REQUESTS WOULD IMPACT PARTIES THAT MAY HAVE AN INTEREST WHO ARE NOT HERE TODAY.

Court resumes. Mr. Harnish informs the Court that the parties agree to the interim use of cash collateral consistent with the budget without prejudice to any party to object to final relief. The order will include payment to insiders on an interim basis subject to disgorgement. The parties also agree to Debtor paying all prepetition wages up to the priority amount. Debtor will not pay the large reimbursement expense to Jaime Gonzales at this time.

Mr. Watson states that the expenses to employees will be paid pursuant to an agreement with the United States Trustee's Office.

Mr. Harnisch addresses Mr. King's concerns and Debtor's DIP motion.

Mr. Watson notes that the money was used before obtaining approval. He will place the terms in the cash collateral order.

The Court suggests that Mr. Harnisch supplement the terms of the DIP loan as proposed. As to the credit card payment, the Court does not know if it has enough information before it to make a decision.

Mr. Cartwright explains that the credit card pays for things like travel. He believes that notice has been given to Alliance Bank.

The Court notes that if the parties come to an agreement regarding the credit card and need something quickly, they can come back to this Court.

Mr. Watson suggests addressing the credit card use through a stipulation or through the cash collateral order. He confirms to the Court that the budget does not identify the use of the credit card. Mr. Watson does not need to call Mr. Gonzales at this time. He further answers the Court's questions.

Mr. Cartwright notes that he will be filing applications to employ. He answers the Court's questions regarding Debtor's budget. He proceeds to provide a review of the Debtor's business and the reasons for the bankruptcy. He believes that Debtor will be out of bankruptcy in six to nine months. He states that the they will be marketing the business and having a 363 sale.

Mr. Harnisch notes that he will be seeking a quick agreement with Alliance Bank to have continued use of the credit card before the next hearing.

Ms. Johnsen notes that during the break the parties agreed to come back November 14, 2018 at 11:30 a.m. before Judge Ballinger.

Page 3 of 4

Case 2:18-bk-13118-EPB    Doc 22    Filed 10/29/18    Entered 10/31/18 08:20:05    Desc
Main Document    Page 3 of 4      10/31/2018    8:19:53AM

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...  2:18-BK-13118-EPB       MONDAY, OCTOBER 29, 2018 02:30 PM

Mr. King asks to review the budget.

The Court asks that Mr. King have time to review the budget.

COURT: AS DISCUSSED, THE COURT WILL WAIT FOR AN ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL BASED ON AN AGREED BUDGET AND AN ORDER APPROVING PRE-PETITION WAGES. THE COURT WILL NOT RULE ON THE DIP FINANCING MOTION TODAY. THE COURT WILL ALSO WAIT FOR AN ORDER AUTHORIZING DEBTOR'S CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS LEAVING THE CREDIT CARD ISSUE TO BE ADDRESSED AT THE FINAL HEARING. IT IS ORDERED CONTINUING THIS HEARING TO NOVEMBER 14, 2018 AT 11:30 AM BEFORE JUDGE BALLINGER.

Page 4 of 4

Case 2:18-bk-13118-EPB    Doc 22    Filed 10/29/18    Entered 10/31/18 08:20:05    Desc
Main Document    Page 4 of 4

10/31/2018  8:19:53AM