# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

## Minute Entry

### Hearing Information:

| | |
|---|---|
| **Debtor:** | ARCTIC CATERING, INC |
| **Case Number:** | 2:18-BK-13118-EPB **Chapter:** 11 |
| **Date / Time / Room:** | WEDNESDAY, NOVEMBER 14, 2018 11:30 AM 7TH FLOOR #703 |
| **Bankruptcy Judge:** | EDDWARD P. BALLINGER JR. |
| **Courtroom Clerk:** | ANNETTE FRANCHELLO |
| **Reporter / ECR:** | KAYLA COLASONT |

### Matters:

1) CONTINUED Emergency Motion For Order Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Credit Card
   **R / M #:** 6 / 0

2) STIPULATION FOR ORDER AUTHORIZING POST-PETITION USE OF CORPORATE CREDIT CARD FILED BY DEBTOR
   **R / M #:** 30 / 0

3) CONTINUED Emergency Motion for Order Authorizing Payment of Pre-Petition Wages, Salaries, Employee Benefits, and Related Items
   **R / M #:** 7 / 0

4) CONTINUED Emergency Motion For Order Authorizing Debtor To Incur Non-Ordinary Course Unsecured Debt Pursuant To 11 U.S.C. § 364(b)
   **R / M #:** 8 / 0

5) CONTINUED Emergency Motion for Interim and Final Orders Authorizing Use of Cash Collateral Granting Replacement Liens and Setting Further Hearing on Use of Cash Collateral
   **R / M #:** 10 / 0

### Appearances:

ANDREW A. HARNISCH, ATTORNEY FOR ARCTIC CATERING, INC
GRANT L. CARTWRIGHT, ATTORNEY FOR ARCTIC CATERING, INC
DAVID GONZALES, REPRESENTATIVE OF THE DEBTOR
CAROLYN JOHNSEN, ATTORNEY FOR LIQUID CAPITAL EXCHANGE, INC.
LARRY WATSON, ATTORNEY FOR UNITED STATES TRUSTEE
MICHAEL KING, ATTORNEY FOR FOOD SERVICES OF AMERICA
STEVEN BERGER, ATTORNEY FOR EQUITY HOLDERS

Case 2:18-bk-13118-EPB    Doc 47    Filed 11/14/18    Entered 11/15/18 09:44:33    Desc
Main Document    Page 1 of 3

# Minute Entry

(continue)...   2:18-BK-13118-EPB         WEDNESDAY, NOVEMBER 14, 2018 11:30 AM

*Proceedings:*

**ITEM #5**

Mr. Harnisch informs the Court that he has uploaded a stipulated order to continue use of cash collateral through November 28, 2018. He notes that the hearing will be continued to that date.

COURT:  The Court will review the order.

**ITEM #1 & ITEM #2**

Mr. Harnisch notes that the Court has entered an order granting the Debtor's continued use of bank accounts and the like, with exception to the credit card. He notes that Judge Sala did not grant any relief on that portion of the motion. He has since filed a stipulation with Alliance Bank confirming their arrangement. He notes that the credit card is near its $100,000.00 limit. He has not received any objections.

Mr. Watson has no objection.

COURT: The Court will sign the stipulated order.

**ITEM # 3**

Mr. Harnisch notes that the Court has signed the order. However, the only outstanding issue is the reimbursement to an employee, Jaime Gonzales. He notes that he is not an equity holder. He does not believe there is any issue with paying the reimbursement.

Mr. Watson states that counsel has provided a copy of the documentation showing it was a legitimate business expense. Therefore, he has no objection at this time.

COURT:  The Court notes the status of the matter.

**ITEM # 4**

Mr. Harnisch provides a review of the motion and Judge Sala's view. He states that the shareholder put in the $300,000.00 as an unsecured loan to the estate. The shareholder is asking that it be allowed as an administrative expense to be paid along with other administrative expenses. He has not received any objections to the motion but will address it as the Court sees fit.

Mr. Watson does not agree with the treatment at this time.

Mr. Harnisch asks that the Court set the matter for final hearing or a briefing schedule.

Mr. Watson explains that the issue may lead to an evidentiary hearing. He states that it sounds like the money was already advanced prior to the bankruptcy filing. He does not know what the amount will be

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

## Minute Entry

(continue)...    2:18-BK-13118-EPB         WEDNESDAY, NOVEMBER 14, 2018 11:30 AM

captured as.

The Court suggests continuing the matter to the next hearing to allow the parties to try and work it out.

Mr. Harnisch agrees and asks that it be continued to the December 6, 2018 hearing.

Mr. Watson agrees.

COURT: IT IS ORDERED continuing this matter to December 6, 2018 at 10:00 a.m.

Mr. Harnisch informs the Court that he is working closely with secured creditor Liquid Capital Exchange, on a DIP loan that will carry them through next year. He intends to file a motion for authorization once terms are reached. He notes that they are soliciting potential buyers for the company. If so, he may be filing a motion for sale.

Mr. Cartwright explains that he filed two employment applications. He filed one for his law firm and has uploaded an order. He is requesting to be able to file monthly fee applications. He has spoken with the U.S. Trustee about it and are on the same page. He has also filed an employment application for accountants. He states that the accountants will not be working for the Debtor under their firm but will be working as hourly employees of the Debtor. He would prefer not to have them file fee applications. He answers the Court's questions.

Mr. Watson states that he needs to continue discussion with counsel.

Mr. Cartwright would like the Court to approve the accountants' employment. He suggests working with Mr. Watson to work out a form of order.

The Court suggests continuing the matter to the November 28, 2018, hearing.

Mr. Cartwright agrees.

Ms. Johnsen would like to look at the order to make sure there are no cash collateral issues.

COURT: The Court directs counsel to show the order to Ms. Johnsen. IT IS ORDERED setting the Application for an Order Authorizing the Debtor to Employ Accountants Marcus Losada and Lorelei Gonzales for November 28, 2018 at 10:00 a.m.