Grant L. Cartwright, Esq. (AZ Bar No. 030780)
Andrew A. Harnisch, Esq. (AZ Bar No. 024957)
**MAY, POTENZA, BARAN & GILLESPIE, P.C.**
201 N. Central Avenue, Suite 2200
Phoenix, AZ 85004-0608
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
E-mail: gcartwright@maypotenza.com
aharnisch@maypotenza.com

*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ARCTIC CATERING, INC.<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No. 2:18-bk-13118-EPB<br><br>**OBJECTION TO FOOD SERVICE OF AMERICA'S APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES** |

Arctic Catering, Inc. (the "**Debtor**") submits its objection to *Food Service of America's Application for Allowance and Payment of Claim for Administrative Expenses* (the "**Application**") [DE 57].

The Debtor doesn't dispute that Food Service of America ("**FSA**") is entitled to an allowed administrative expense claim under Section[1] 503(b)(9) for goods delivered within 20 days prior to the Petition Date in some amount (the "**503(b)(9) Claim**"). The Debtor, however, disputes FSA's contention that the Court should "direct[ing] the Debtor to pay the amount owed for these purchases." Application at p. 2. The Application lacks statutory or decisional authority on the timing of payment of the 503(b)(9) Claim, and, more specifically, requiring the Debtor to pay its claim at the time of allowance by this Court.

The Debtor's position is supported by the specific sections of the Bankruptcy Code and the case law cited below.

---

[1] As used herein, "**Section**" refers to a section of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq*. (the "**Bankruptcy Code**").

Section 503(b)(9) never mentions timing of payment. 11 U.S.C. § 503(b)(9). It is a rule of priority. Only Section 1129(a)(9) specifically requires a debtor to pay administrative expenses, including Section 503(b)(9) claims, at a set time. *See* 11 U.S.C. § 1129(a)(9) (conditioning confirmation of a plan on payment of administrative expense claims on the effective date).[2] FSA fails to explain why this Court should read a temporal requirement into Section 503(b)(9).

The contrast between Section 503(b)(9) and Section 365(d)(3) further illustrates that the Bankruptcy Code imposes no requirement on the timing of a debtor's payment of an allowed Section 503(b)(9) claim. Section 365(d)(3) requires debtors, among other things, to "timely" pay rent under unexpired non-residential real property leases. 11 U.S.C. § 365(d)(3). Nevertheless, despite the Bankruptcy Code's **explicit** requirement to timely pay rent under a lease, Courts have exercised their discretion to permit debtors to pay rent later in the case. *See In re Orient River Invs., Inc.*, 112 B.R. 126, 133 (Bankr. E.D. Pa. 1990) (denying landlord's request for immediate payment of rent, irrespective of Section 365(d)(3)). If Courts have exercised their discretion to deny landlords' requests for immediate payment of Section 365(d)(3) claims – even when faced with a statutory timing requirement – this Court should deny FSA's request to direct the Debtor to pay the 503(b)(9) Claim.

Unlike the special protections landlords received in Section 365(d)(3), Congress chose not to similarly enhance the rights of Section 503(b)(9) claimants. Put differently, if Congress had intended to include a temporal requirement on payments to Section 503(b)(9) claimants, it would have.

In addition to the statutory support, Courts from jurisdictions around the country have held claimants with Section 503(b)(9) claims aren't entitled to immediate payment of their claims. *See, e.g.*, *In re Arts Dairy, LLC*, 414 B.R. 219, 222 (Bankr. N.D. Ohio 2009)

---

[2] As the Debtor has represented in other pleadings [*see* DE 87], the Debtor seeks to sell its business and pay its creditors in full, in which case the priority treatment of the

(sustaining objection of secured creditor on the request of a trade creditor to immediate payment of Section 503(b)(9) claim); *In re Bookbinders' Rests., Inc.*, No. 06-12302ELF, 2006 WL 3858020, at *3-5 (Bankr. E.D. Pa. Dec. 28, 2006) (denying request for immediate payment of allowed Section 503(b)(9) claim and overruling argument that claimant had right to be paid at same time as post-petition creditors being paid in the ordinary course under Section 363(c)(1)); *In re Global Home Prods., LLC*, No. 06-10340 (KG), 2006 WL 3791955, at *5 (Bankr. D. Del. Dec. 21, 2006) (weighing various factors and denying request for immediate payment). This is an attempt by FSA – one of many in this case – to step over other creditors to get paid, and it should be denied.

WHEREFORE, the Debtor respectfully requests that this Court (1) deny FSA's request for immediate payment of the 503(b)(9) Claim, and (2) grant the Debtor such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED December 12, 2018.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By *s/ Grant L. Cartwright*
Grant L. Cartwright
Andrew A. Harnisch
*Counsel for Debtor*

---

503(b)(9) Claim is likely a non-issue. Nevertheless, should that not happen, the Debtor reserves its rights to object to the amount of the 503(b)(9) Claim at plan confirmation.

| | |
|---|---|
| 1 | COPY of the foregoing mailed or emailed* on December 12, 2018, to: |
| 2 | |
| 3 | Carolyn J. Johnsen* |
| | DICKINSON WRIGHT PLLC |
| 4 | 1850 N. Central Avenue, Suite 1400 |
| | Phoenix, AZ 85004 |
| 5 | cjjohnsen@dickinsonwright.com |
| 6 | *Attorneys for Liquid Capital Exchange, Inc.* |
| 7 | Gammage & Burnham P.L.C. |
| | Attention: Michael R. King* |
| 8 | Two North Central Avenue, 15th Floor |
| 9 | Phoenix, Arizona 85004 |
| | mking@gblaw.com |
| 10 | kblakley@gblaw.com |
| 11 | *Attorneys for Food Services of America, Inc.* |
| 12 | Larry Watson* |
| | Office of the U.S. Trustee |
| 13 | 230 North First Avenue, Suite 204 |
| 14 | Phoenix, Arizona 85003 |
| | Larry.Watson@usdoj.gov |
| 15 | |
| 16 | Steven N. Berger |
| | ENGELMAN BERGER, P.C. |
| | 3636 North Central Avenue, Suite 700 |
| 17 | Phoenix, Arizona 85012 |
| | snb@eblawyers.com |
| 18 | *Attorneys for Equity Holders* |
| 19 | Scott P. Vaughn |
| 20 | McGuire Woods LLP |
| | 201 N. Tryon Street, Suite 3000 |
| 21 | Charlotte, NC 28202 |
| | svaughn@mcguirewoods.com |
| 22 | |
| 23 | Carl Doré, Jr. |
| | Doré Law Group, P.C. |
| | 17171 Park Row, Suite 160 |
| 24 | Houston, Texas 77084 |
| | carl@dorelawgroup.net |
| 25 | *Attorneys for Stallion Rockies, Ltd.* |
| 26 | |
| 27 | |
| 28 | |

Steven D. Jerome
Emily Gildar Wagner
One Arizona Center
400 E. Van Buren St., Ste. 1900
Phoenix, AZ 85004-2202
sjerome@swlaw.com
ewagner@swlaw.com
*Attorneys for Triple B Corporation,*
*d/b/a Charlie's Produce*

By: /s/*Elizabeth Luna*