Grant L. Cartwright, Esq. (AZ Bar No. 030780)
Andrew A. Harnisch, Esq. (AZ Bar No. 024957)
**MAY, POTENZA, BARAN & GILLESPIE, P.C.**
201 N. Central Avenue, Suite 2200
Phoenix, AZ 85004-0608
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
E-mail: gcartwright@maypotenza.com
aharnisch@maypotenza.com

*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ARCTIC CATERING, INC.<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No. 2:18-bk-13118-EPB<br><br>**LIMITED OBJECTION TO APPLICATION OF GORDON FOOD SERVICE INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM UNDER 11 U.S.C. § 503(b)(9)**<br><br>**Hearing Date: Tuesday, March 12, 2019**<br>**Hearing Time: 10:00 a.m.**<br>**Place: U.S. Bankruptcy Court**<br>**Courtroom 703**<br>**230 N. 1st Avenue**<br>**Phoenix, AZ 85003** |

Arctic Catering, Inc. (the "**Debtor**") hereby submits its limited objection to the *Application of Gordon Food Service Inc. for Allowance and Payment of Administrative Claim Under 11 U.S.C. § 503(b)(9)* (the "**Application**") [DE 134].

The Debtor doesn't dispute that Gordon Food Service, Inc. ("**Gordon Food**") is entitled to an allowed administrative expense claim under Section[1] 503(b)(9) for goods delivered within 20 days prior to the Petition Date (the "**503(b)(9) Claim**"). For the avoidance of doubt, however, Debtor disputes any claim that Gordon Food is entitled to

---

[1] As used herein, "**Section**" refers to a section of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq*. (the "**Bankruptcy Code**").

payment of its claim at the time of allowance by this Court, or that Gordon Food is entitled to interest on its claim as requested in the Application.

The Debtor's position is supported by the specific sections of the Bankruptcy Code and the case law cited below.

Section 503(b)(9) provides for an administrative-priority expense for goods delivered within twenty days of the petition date. However, there is no temporal limitation on the payment of such claim(s) in a Chapter 11 case so long as the Debtor pays all such claims on or before the effective date of a confirmed plan of reorganization. *See* 11 U.S.C. § 1129(a)(9).

The contrast between Section 503(b)(9) and Section 365(d)(3) further illustrates that the Bankruptcy Code imposes no requirement on the timing of a debtor's payment of an allowed Section 503(b)(9) claim. Section 365(d)(3) requires debtors, among other things, to "timely" pay rent under unexpired non-residential real property leases. 11 U.S.C. § 365(d)(3). Nevertheless, despite the Bankruptcy Code's **explicit** requirement to timely pay rent under a lease, Courts have exercised their discretion to permit debtors to pay rent later in the case. *See In re Orient River Invs., Inc.*, 112 B.R. 126, 133 (Bankr. E.D. Pa. 1990) (denying landlord's request for immediate payment of rent, irrespective of Section 365(d)(3)).

Unlike the special protections landlords receive in Section 365(d)(3), Congress chose not to similarly enhance the rights of Section 503(b)(9) claimants. Put differently, if Congress had intended to include a temporal requirement on payments to Section 503(b)(9) claimants, it would have.

Moreover, if Courts have exercised their discretion to deny landlords' requests for immediate payment of Section 365(d)(3) claims – even when faced with a statutory timing requirement – this Court should deny any request to direct the Debtor to pay 503(b)(9) claims at any time before confirmation of a plan of reorganization.

Courts from jurisdictions around the country have held claimants with Section 503(b)(9) claims aren't entitled to immediate payment of their claims. *See, e.g.*, *In re Arts*

*Dairy, LLC*, 414 B.R. 219, 222 (Bankr. N.D. Ohio 2009) (sustaining objection of secured creditor on the request of a trade creditor to immediate payment of Section 503(b)(9) claim); *In re Bookbinders' Rests., Inc.*, No. 06-12302ELF, 2006 WL 3858020, at *3-5 (Bankr. E.D. Pa. Dec. 28, 2006) (denying request for immediate payment of allowed Section 503(b)(9) claim and overruling argument that claimant had right to be paid at same time as post-petition creditors being paid in the ordinary course under Section 363(c)(1)); *In re Global Home Prods., LLC*, No. 06-10340 (KG), 2006 WL 3791955, at *5 (Bankr. D. Del. Dec. 21, 2006) (weighing various factors and denying request for immediate payment).

In addition to its claim for good delivered within twenty days of the petition date, the Application also requests "appropriate interest" on its claim. Gordon Food does not cite to any authority for its claim to interest, and the Bankruptcy Code provides for no such relief. Therefore, the Court should also deny Gordon Food's request for accrued and/or accruing interest on its claim.

WHEREFORE, the Debtor respectfully requests that this Court (1) grant Gordon Food an administrative expense claim in the amount of $18,986.14 pursuant to Section 503(b)(9), (2) deny Gordon Foods's request for interest, and (3) if requested by Gordon Food, deny any request for immediate payment of the allowed 503(b)(9) Claim.

RESPECTFULLY SUBMITTED March 4th, 2019.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By *s/ Andrew A. Harnisch*
Grant L. Cartwright
Andrew A. Harnisch
*Counsel for Debtor*

| | |
|---|---|
| 1 | COPY of the foregoing mailed or emailed* on March 4th, 2019, to: |
| 2 | |
| 3 | Carolyn J. Johnsen* DICKINSON WRIGHT PLLC |
| 4 | 1850 N. Central Avenue, Suite 1400 Phoenix, AZ 85004 |
| 5 | cjjohnsen@dickinsonwright.com |
| 6 | *Attorneys for Liquid Capital Exchange, Inc.* |
| 7 | Michael R. King* |
| 8 | Kevin J. Blakley* Gammage & Burnham P.L.C. |
| 9 | Two North Central Avenue, 15th Floor Phoenix, Arizona 85004 |
| 10 | mking@gblaw.com |
| 11 | kblakley@gblaw.com *Attorneys for Food Services of America, Inc.* |
| 12 | |
| 13 | Larry Watson* Office of the U.S. Trustee |
| 14 | 230 North First Avenue, Suite 204 Phoenix, Arizona 85003 |
| 15 | Larry.Watson@usdoj.gov |
| 16 | |
| 17 | Steven N. Berger* ENGELMAN BERGER, P.C. |
| 18 | 3636 North Central Avenue, Suite 700 Phoenix, Arizona 85012 |
| 19 | snb@eblawyers.com *Attorneys for Equity Holders* |
| 20 | |
| 21 | Scott P. Vaughn* McGuire Woods LLP |
| 22 | 201 N. Tryon Street, Suite 3000 Charlotte, NC 28202 |
| 23 | svaughn@mcguirewoods.com |
| 24 | |
| 25 | Carl Doré, Jr.* Doré Law Group, P.C. |
| 26 | 17171 Park Row, Suite 160 Houston, Texas 77084 |
| 27 | carl@dorelawgroup.net *Attorneys for Stallion Rockies, Ltd.* |
| 28 | |

Jody Corrales*
DeConcini McDonald Yetwin & Lacy, P.C.
2525 E. Broadway Blvd., Ste. 200
Tucson, AZ 85716
jcorrales@dmyl.com
Attorneys for PJK Food Service LLC
d/b/a Keany Produce & Gourment

Steven D. Jerome*
Emily Gildar Wagner*
Snell &Wilmer, LLP
One Arizona Center
400 E. Van Buren St., Ste. 1900
Phoenix, AZ 85004-2202
sjerome@swlaw.com
ewagner@swlaw.com
*Attorneys for Triple B Corporation*
*d/b/a Charlie's Produce*

Jason M. Torf
John C. Cannizzaro
ICE MILLER LLP
200 West Madison Street
Suite 3500
Chicago, IL 60606-3417
Jason.Torf@icemiller.com
*Counsel for Gordon Food Service Inc.*

By: /s/*Elizabeth Luna*

5