# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

|  |  |
|---|---|
| **Debtor:** | ARCTIC CATERING, INC |
| **Case Number:** | 2:18-BK-13118-EPB   **Chapter:** 11 |
| **Date / Time / Room:** | THURSDAY, SEPTEMBER 12, 2019 10:00 AM   6TH FLOOR #602 |
| **Bankruptcy Judge:** | EDDWARD P. BALLINGER JR. |
| **Courtroom Clerk:** | ANNETTE FRANCHELLO |
| **Reporter / ECR:** | TAYLER CARTER |

## *Matters:*

1) DEBTOR'S APPLICATION TO EMPLOY ENGELMAN BERGER, P.C. AS SPECIAL COUNSEL TO DEBTOR AND OBJECTIONS THERETO; DEBTOR'S AMENDED APPLICATION TO EMPLOY ENGELMAN BERGERM P.C. AS SPECIAL COUNSEL TO DEBTOR.
   R / M #:   229 / 0

2) EXPEDITED HEARING ON MOTION TO CONVERT CASE TO CHAPTER 7 FILED BY KUUKPIK CORPORATION AND KUUKPIK ARCTIC CATERING LLC
   R / M #:   264 / 0

## *Appearances:*

ANDREW A. HARNISCH, ATTORNEY FOR ARCTIC CATERING, INC
GRANT L. CARTWRIGHT, ATTORNEY FOR ARCTIC CATERING, INC
DAVID GONZALES, DEBTOR'S CEO
NANCY KALAFA SWIFT, ATTORNEY FOR KUUKPIK CORP. & KUUKPIK ARCTIC CATERING,
CABOT CHRISTIANSON, ATTORNEY FOR KUUKPIK CORP. ET AL (APPEARED BY PHONE)
LARRY WATSON, ATTORNEY FOR UNITED STATES TRUSTEE
KELLY SINGER, ATTORNEY FOR ALASKA ARCTIC CATERING & SUPPORT SERVICES, INC.
MICHAEL KING, ATTORNEY FOR FOOD SERVICES OF AMERICA
BRADLEY PACK, PROPOSED SPECIAL COUNSEL FOR THE DEBTOR

# Minute Entry

(continue)...  2:18-BK-13118-EPB          THURSDAY, SEPTEMBER 12, 2019 10:00 AM

## Proceedings:

ITEM #1 & ITEM #2

The Court provides its analysis of the matters. The Court notes it did not want to decide Debtor's application to employ special counsel if someone new would be in charge of running the Debtor. The Court questions whether there are claims against insiders.

Mr. Harnisch responds. He notes that the Debtor filed a motion to approve a post-petition transfer as an administrative claim that the Court never ruled on. The Debtor stands by its motion noting the funds were necessary for operation of the Debtor.

The Court addresses the request for conversion.

Mr. Harnisch objects to conversion.

Mr. Watson is not taking a position in regard to conversion. He provides its review of the case. He notes that the Debtor has filed a new plan which raises many issues. He notes that the revised plan supports the motion for conversion. He does not believe it makes sense that Mr. Gonzales be in charge of a liquidating trust. He further believes the best resolution is to appoint a trustee.

The Court questions the Debtor regarding the work Engelman Berger would take on.

Mr. Harnisch explains that the primary reason is to investigate the circumstances surrounding the termination of the LLC agreement and Debtor's loss of an $8 million sale.

Mr. King states that the Debtor needs to stop spending money and start paying creditors. He notes that at the heart of the matters is the relationship with Kuukpik Corporation and Kuukpik Arctic Catering. He notes that the relationship was a material business term. He did not see any disclosure that the relationship was in jeopardy. He argues that the most problematic thing of the plan is making Mr. Gonzales totally independent as a liquidating trustee with no Court oversight. He asks that the case be converted to a Chapter 7 today.

The Court believes Mr. King's position argues equally or more so to the appointment of Chapter 11 Trustee. The Court understands the positions of all the parties. The Court does not know whether conversion is preferable at this point.

Mr. King believes a Chapter 7 Trustee is less expensive and more efficient than appointing a Chapter 11 Trustee.

Mr. Harnisch notes that Mr. Gonzales is present and available to discuss the business

justification, the application to employ and address their view as to a plan being prosecuted as opposed to conversion. Mr. Harnisch goes on to address the comments by counsel and Debtor's new plan.

The Court expresses its concern with there being a need for an independent person to weigh in on the viability of spending additional liquid funds.

Mr. Harnisch responds noting that the arguments posed today are plan objections. The arguments have no bearing on the Debtor today. He further answers the Court's questions noting the new plan is a liquidating plan. The Debtor will not continue with the business. He argues that confirmation of the Debtor's plan significantly benefits unsecured creditors compared to conversion. He notes that all insider claims are being subordinated. He continues discussion with the Court and asks for the opportunity to brief the appointment of a trustee.

The Court will provide the parties with additional time to brief the matter.

Mr. Gonzales addresses Mr. King's argument.

Mr. Christianson states this position.

Mr. Singer does not have a position as to conversion, the appointment of a trustee or if things remain status quo. His client has alleged that there were breaches of the asset purchase agreement. He is in discussion with Mr. Gonzales and counsel to resolve the breaches and potentially reach a settlement. He would like to wrap up the settlement without being prejudiced by a conversion or appointment of a trustee.

Mr. Christianson reviews the Debtor's operating reports.

Mr. Harnisch explains that Mr. Gonzales was a salary employee but is now an hourly employee.

The Court and parties discuss a briefing schedule as to appointment of a trustee.

COURT:  IT IS ORDERED parties are to file briefs in support or opposition to the motion to convert or the alternative, appointment of a trustee on or before September 20, 2019.